CHRIS F. JOHNSON, PLAINTIFF-APPELLANT, v. EDAY FABRICS, INC., A CORPORATION, DEFENDANT-RESPONDENT, AND DAVID SIEGEL. DEFENDANT.

Argued October 19, 1938—Decided January 13, 1939.

For the plaintiff-appellant, *Coult, Satz & Tomlinson* (*Joseph Coult, Jr.*).

For the defendant-respondent, *Merritt Lane.*

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment of nonsuit granted at the close of the plaintiff's case. The action, as commenced, contained four counts but by discontinuances and a voluntary nonsuit nothing was left save the fourth count, which sought recovery of $10,000, with interest, by reason of "money had and received by the defendant Eday Fabrics, Inc., to the use of plaintiff."

It appears that the Eday Fabrics, Inc., was engaged in the manufacture of rayon fabrics. David Siegel was its president. The Eckstein Company manufactured the fabric into underwear. Both companies shared an office, bookkeeper and telephone. Siegel was not officially connected with the Eckstein Company nor Eckstein with the Fabric Company. Both were independent concerns, closely operating. They had made joint statements to secure credit with the duPont Company and a bank.

In 1932, the plaintiff borrowed from a New York bank on collateral pledged, $10,000 which was paid to him by cashier's check. He endorsed the check to "Harry P. Eckstein, Inc.," and it was deposited in the account of that company. He had known Eckstein for many years and had previously loaned him money which had always been repaid. At the present trial, plaintiff testified on his direct examination that the check was handled in that manner at the request of Siegel, the president of Eday Fabrics, Inc. However, upon cross-examination, it appears that at the trial of a previous action brought for the recovery of the money in question, he had testified that Eckstein had requested the transaction to be handled as indicated, and that Siegel was not even present and presumably knew nothing about it. Johnson had also made affidavit that Eckstein had perpetrated a fraud upon him and had used this money to pay, in part, his debt to the Eday Fabrics, Inc. It is a very significant fact that the plaintiff knew from the inception of the loan that the interest charges were to be paid to the bank from the Eckstein account.

In the case is a written agreement bearing date two days prior to the receipt of the check executed by the Eday Fabrics, Inc., by its president, and attested by its secretary, and also by David Siegel and Harry P. Eckstein, individually, as joint and several guarantors, of a loan by Johnson in the sum of $10,000 for five years to the Eday Fabrics, Inc. The instrument appeared to Johnson to be usurious and he never executed it. Suitable agreements were promised by Siegel but were never executed.

To recapitulate, it appeared at the close of plaintiff's case that $10,000 of Johnson's money was paid to Harry P. Eckstein, Inc. All of this money found its way into the Eday Fabrics, Inc., treasury. The relation of the two companies was very close. The written agreement is said to be an admission by the president and secretary of the Eday Fabrics, Inc., that the company was indebted to Johnson for a loan of $10,000. By reason of the inconsistent proofs in Johnson's testimony, the case is threadbare of evidence to support the

plaintiff's case (*Cvelich* v. *Erie Railroad Co.*, 120 *N. J. L.* 414) save the written agreement which never became effective.

True, the written instrument recites a loan to the Eday Fabrics, Inc., which was not made upon the day the agreement mentioned. When the plaintiff made a loan the proceeds were turned over to another corporation. The president of the Eday Fabrics, Inc., was not shown to have power to divert its property into the hands of another. He had no such implied power. Cases to this effect are collected in *Elblum Holding Corp.* v. *Mintz,* 120 *N. J. L.* 604, 608. There is an absolute lack of proof of corporate action authorizing the execution of this agreement. *Erie Railroad* v. *Groves & Co.,* 114 *Id.* 216. If Johnson intended to lend money to the Eday Fabrics, Inc., he should have turned the money over to that company. If he diverted money from the true borrower, he should be able to show that he did so, pursuant to instruction by duly authorized officers. This he failed to do.

Even though Harry P. Eckstein, Inc., used the plaintiff's money to pay its debt to Eday Fabrics, Inc., the proofs are perfectly barren that when the Eday Fabrics, Inc., received this money it received it to the use of the plaintiff. The old custom of borrowing from Peter to pay Paul still prevails, and no one would contend that Paul was obligated to return to Peter the money received by him in payment of his debt simply because the borrower from Peter failed to make good on his promise.

The judgment is affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.

*For reversal*—THE CHIEF JUSTICE, HEHER, HETFIELD, WALKER, JJ. 4.